**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4714**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID CAMPOS-PALENCIA, a/k/a Luis Daniel Leyva, Jr., a/k/a
Daniel David Gonzalez Palencia,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge.  (5:15-cr-00174-FL-1)

Submitted:  August 29, 2016          Decided:  August 31, 2016

Before TRAXLER and AGEE, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

John S. Coalter, COALTER LAW P.L.L.C., Greensboro, North
Carolina, for Appellant.  John Stuart Bruce, Acting United
States Attorney, Jennifer P. May-Parker, Barbara D. Kocher,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Campos-Palencia pled guilty to illegal reentry of a previously deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court imposed an above-Guidelines sentence of 40 months' imprisonment. On appeal, Campos-Palencia contends that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

This court reviews any sentence, "whether inside, just outside, or significantly outside the Guidelines range, under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012). The district court's factual findings are reviewed for clear error, and its legal conclusions de novo. United States v. McGee, 736 F.3d 263, 271 (4th Cir. 2013).

In determining whether a sentence is procedurally reasonable, the court considers whether the district court properly calculated the applicable advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, relied on facts that were not clearly erroneous, and sufficiently explained the selected sentence and any deviation from the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 49-51 (2007).

2

If the sentence is procedurally reasonable, we evaluate its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. If the sentence is outside the Guidelines range, we "consider the extent of the deviation from the guidelines range, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Hargrove, 701 F.3d 156, 164 (4th Cir. 2012) (alterations omitted).

Campos-Palencia claims that the district court violated Fed. R. Crim. P. 32(i) when it relied on a disputed portion of the presentence report without first ruling on the dispute. The record reveals that Campos-Palencia failed to properly alert the court to this objection. See Fed. R. Crim. P. 32(f). Further, when Campos-Palencia belatedly referred to the disputed information at the sentencing hearing, he failed to provide any support for his argument. "A mere objection to the finding in the presentence report is not sufficient. Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (alterations and internal quotation marks omitted). Therefore, we reject this argument.

Campos-Palencia also claims that the district court failed to provide individualized reasoning for his sentence. This assertion is belied by the record, which demonstrates that the district court considered several factors specific to Campos-Palencia. Campos-Palencia attacks the significance or weight the district court assigned to the various factors considered by the court, but we conclude the court did not err.

Campos-Palencia next asserts that the district court erred by citing only possession of firearms as the reason for the upward variance on its Statement of Reasons form and by disproportionately relying on his firearm possession to the exclusion of other 18 U.S.C. § 3553(a) factors in its oral explanation. We reject these arguments. At sentencing, the district court expressly discussed several considerations. While the district court may have accorded more significance to the firearms, such a decision is within its discretion. United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Further, we reject any claim that the court's written statement of reasons is insufficient.

Finally, Campos-Palencia broadly asserts that his sentence is substantively unreasonable because the facts of his case do not merit a sentence of 40 months' imprisonment. In light of Campos-Palencia's failure to provide specific support for this argument, the district court's explanation of the sentence,

4

including references to multiple § 3553(a) factors, and the deference accorded to a district court's sentence, we conclude that this argument is without merit.

Accordingly, because we conclude that Campos-Palencia has failed to demonstrate that his sentence is procedurally or substantively unreasonable, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED